

WO                                                                                                    JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Benge, | No.   CV 18-00349-PHX-MTL (CDB) |
| Plaintiff, | |
| vs. | **ORDER** |
| Corizon Health LLC, et al., | |
| Defendants. | |

Plaintiff Robert Joseph Benge, who was formerly confined in the Arizona Department of Corrections (ADC),[1] brought this pro se civil rights action under 42 U.S.C. § 1983 against Corizon Health LLC; Dr. Julia Barnett; Nurse Practitioners (NP) Carrie Smalley and Melanie Louzon; Associate Deputy Wardens Brenda Burgess and David Summers; and Lieutenant Anita Hudson. (Docs. 20, 30, 46.)  Before the Court are Benge's Emergency Motion for Preliminary Injunction (Doc. 38) and Hudson, Summers, and Burgess's ("ADC Defendants") Motion to Dismiss (Doc. 29).  The Court will deny both Motions.

## I.    Background

In Count One of his First Amended Complaint, Benge alleged an Eighth Amendment medical care claim.  (Doc. 20 at 7.)  He asserted that, following a neck injury in March 2014, NP Louzon failed to address Benge's shoulder and neck pain,

---

[1] Benge was released from custody in August 2019 and now resides in Thomasville, North Carolina.  (Docs. 63, 65, 69.)

failed to order tests, and ultimately discontinued pain medication despite his repeated requests for medical assistance and multiple incidents of losing consciousness. (*Id.*) Eventually, Benge had an MRI, which showed severe spinal cord compression, and he was admitted to the hospital and underwent emergency spinal cord surgery. (*Id.* at 7–8.) Benge alleged that when he returned to the prison, NP Smalley discontinued his morphine pain medication "cold turkey," which caused him to suffer withdrawal symptoms, and Smalley and Dr. Barnett then refused to prescribe him any other pain medication pursuant to a Corizon/ADC policy that prohibited pain medication even for verified medical needs. (*Id.*)

In Count Two, Benge alleged an Eighth Amendment failure-to-protect claim. (*Id.* at 14.) Benge alleged that he suffered the neck injury discussed above in March 2014 after he was assaulted by intoxicated prisoners. (*Id.*) He alleged that he was assaulted again by intoxicated prisoners in April and June 2014. (*Id.* at 6.) Benge stated that he submitted grievances informing officials that he did not feel safe and that he had been assaulted numerous times by intoxicated prisoners. (*Id.* at 14.) Benge claimed that from January 2014 to November 2015, he repeatedly informed Burgess, Summers, and Hudson about the manufacture, sale, and consumption of prison made alcohol, or hooch; however, Defendants failed to take anything more than cosmetic and short-term measures in response to Benge's concerns. (*Id.* at 14–15.)

In April 2019, the parties filed their pending Motions. Benge filed an Emergency Motion for Preliminary Injunction seeking various forms of relief related to medical care, including orders for Defendants to bring him to a neurosurgeon and nephrologist; orders for a back MRI and physical therapy; and orders for a wheelchair, cane, and ice. (Doc. 38.) ADC Defendants filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that Benge's claims in Count Two are barred by the applicable statute of limitations. (Doc. 29.)

**II.    Preliminary Injunction**

A former prisoner's claim for injunctive relief becomes moot following his release

from custody. *See Alvarez v. Hill*, 667 F.3d 1061, 1063–64 (9th Cir. 2012) (former prisoner's declaratory and injunctive relief claims moot following release from custody); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) ("[a]n inmate's release from prison while his claims are pending generally will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action") (citing *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975)). Because Benge is no longer in custody, his request for injunctive relief in the form of specific medical care is moot, and his Emergency Motion for Preliminary Injunction will be denied.

## III. Statute of Limitations

### A. Governing Standard

When the statute of limitations forms the basis of a motion to dismiss for failure to state a claim, the motion can be granted if the running of the statute is apparent on the face of the complaint, and "the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see also TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999.) Although courts will not normally look beyond the pleadings in resolving a Rule 12(b)(6) motion, *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001), a "court may consider material that the plaintiff properly submitted as part of the complaint or, even if not physically attached to the complaint, material that is not contended to be inauthentic and that is necessarily relied upon by the plaintiff's complaint." *Id.*

Section 1983 does not include its own statute of limitations. *TwoRivers*, 174 F.3d at 991. Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *TwoRivers*, 174 F.3d at 991. In Arizona, the limitations period for personal injury claims is two years. *TwoRivers*, 174 F.3d at 991; *see also* Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *TwoRivers*, 174 F.3d at 991; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996.) The Court must apply any state rule for tolling to actions brought under § 1983. *Hardin v. Straub*, 490 U.S. 536, 544 (1989); *Johnson v. State of Cal.*, 207 F.3d 650, 653 (9th Cir. 2000); *TwoRivers*, 174 F.3d at 992. And in prisoner § 1983 cases, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process." *Brown v. Valoff*, 422 F.3d 926, 942–43 (9th Cir. 2005).

### B.    Discussion

ADC Defendants argue that Benge's failure-to-protect claim arose on March 18, 2014, the date he was assaulted, or, at the latest, in November 2015, based on his allegation that ADC Defendants failed to protect him from January 2014 to November 2015. (Doc. 29 at 5.) ADC Defendants submit that Benge was therefore required to file his lawsuit by November 2017; however, he did not initiate this action until February 1, 2018. (*Id.*)[2] ADC Defendants therefore contend that the claims in Count Two must be dismissed as time-barred. (*Id.*)

Benge opposes the Motion on the grounds that the Court already determined that he stated a failure-to-protect claim against ADC Defendants; he did not learn that his spinal cord injury was irreversible until June 2016; and the statute of limitations was tolled while he was exhausting his administrative remedies. (Doc. 36 at 2–9.) In their Reply, Defendants assert that Benge had reason to know of his injury the day of his

---

[2] ADC Defendants rely on an incorrect date. Benge initiated this action on January 26, 2018. (Doc. 1 at 21.) *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (under the prison mailbox rule, a legal document is deemed "filed" when handed by the prisoner to a prison official for mailing, and that date is determined by the date the prisoner signs the document rather the date it is filed with the clerk of court); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the prison mailbox rule to § 1983 lawsuits by pro se prisoners).

assault in March 2014, so that is the date the statute of limitations began the run. (Doc. 37 at 2–3.)

Benge's failure-to-protect claim is not based on one isolated incident in March 2014. Rather, his claim is based on allegations of repeated assaults, injuries as a result of those assaults, and repeated failures by ADC Defendants to respond to Benge's grievances and notices that intoxicated prisoners presented a threat to his safety. (Doc. 20.) Because Benge specifically alleged that from January 2014 to November 2015, ADC Defendants failed to protect him, the statute of limitations did not begin to run until November 2015. (*Id.* at 14.) *See O'Loghlin v. Cnty. of Orange*, 229 F.3d 871, 875 (9th Cir. 2000) (holding that the continuing violation doctrine is meant "to prevent a defendant from using its earlier illegal conduct to avoid liability for later illegal conduct of the same sort"); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("[t]he continuing violation theory applies to § 1983 actions").

As mentioned, the two-year statute of limitations must be tolled for the period that Benge was completing the mandatory administrative remedies at the prison. *Brown*, 422 F.3d at 942–43. In his First Amended Complaint, Benge specifically alleged that he initiated administrative remedies for his failure-to-protect claim and that he appealed his request for administrative relief to the highest level. (Doc. 20 at 14.) Indeed, Benge's claim is based in part on allegations that he submitted grievances informing ADC Defendants of the risk of harm to his safety. (*Id.*) Despite these allegations, and despite the fact that Benge argued in his opposition to ADC Defendants' Motion that tolling for exhaustion applies, ADC Defendants wholly failed to the address the tolling requirement.

To dismiss a claim as untimely on a Rule 12(b)(6) motion, it must "appear[ ] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995). That is not the case here. In his First Amended Complaint, Benge did not indicate the dates of his administrative grievances and responses thereto, and he was not required to do so at the pleading stage. *Jones v. Bock*, 549 U.S. 199, 216 (2007)

(prisoners are not required to specially plead or demonstrate exhaustion in their complaints). Thus, it is unclear how long the statute of limitations must be tolled in this case, and the Court cannot conclude based on the face of the First Amended Complaint that Benge's failure-to-protect claim is time-barred. Consequently, ADC Defendants' Motion to Dismiss will be denied.

**IT IS ORDERED:**

(1)     The reference to the Magistrate Judge is withdrawn as to ADC Defendants' Motion to Dismiss (Doc. 29) and Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 38.)

(2)     Plaintiff's Emergency Motion for Preliminary Injunction (Doc. 38) is **denied as moot**.

(3)     ADC Defendants' Motion to Dismiss (Doc. 29) is **denied**.

Dated this 4th day of October, 2019.

Michael T. Liburdi
United States District Judge