**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Joseph Benge, | No. CV-18-00349-PHX-MTL (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Corizon Health LLC, et al., | |
| Defendants. | |

Before the Court is Magistrate Judge Camille Bibles' Report and Recommendation (R&R). (Doc. 82.) It recommends that the Court dismiss without prejudice Plaintiff Robert Benge's claims against Defendant Dr. Julia Barnett. (*Id*.) Plaintiff objected to the R&R. (Doc. 84.) For the reasons expressed herein, the Court overrules the objection and adopts the R&R.

**I.   BACKGROUND**

This lawsuit concerns the alleged insufficiency of Mr. Benge's medical treatment while in prison. (Doc. 1.) Initially, Mr. Benge listed the prison doctor as Jane Doe. Once he discovered her identity, Mr. Benge substituted Dr. Barnett for the Jane Doe. (Doc. 30.) After adding her by name, the Magistrate Judge gave Mr. Benge a deadline to complete a service packet so that the U.S. Marshal Service could serve process upon her. (Doc. 55.) When he did not meet that deadline, the Magistrate Judge issued an Order to Show Cause as to why the claims against Dr. Barnett should not be dismissed. (Doc. 77.) He did not initially respond. The Magistrate Judge issued the R&R. (Doc. 82.) Days

later, Mr. Benge filed what the Magistrate Judge construed as an objection to the R&R. (Doc. 87.) That objection argued that Mr. Benge did not realize that there was a problem with service because he was homeless and did not receive information about his prior attempt at service failing. (Doc. 84.) Mr. Benge asks that the Court allow him to serve Dr. Barnett now. (*Id*. at 4.)

## II.     DISCUSSION

### A.     Legal Standard

This Court reviews *de novo* those portions of the Magistrate Judge's report subject to an objection. 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* District courts are not required to review "any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Concerning Mr. Benge's objection to the R&R, the applicable rule is that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### B.     Application

The Magistrate Judge afforded Mr. Benge at least two opportunities to serve Dr. Barnett prior to recommending that the Court dismiss the case against her. (Docs. 22; 77.) Mr. Benge did not respond to the Order to Show Cause until after Magistrate Judge Bibles issued the R&R. Mr. Benge argues in his objection that he was homeless and did not know that his attempt at serving Dr. Barnett was ineffective. (Doc. 84 at 2.)

While Rule 4(m) of the Federal Rules of Civil Procedure requires a Court to extend the time for service when a plaintiff shows good cause, Mr. Benge has not adequately explained why he did not communicate with the Court about his homelessness and request an extension of time for service prior to the R&R's issuance. This inaction came despite a warning that he must notify the Court when his address changes. (Doc. 22 at 11.) The Court will dismiss without prejudice the claims against Dr. Barnett. If Mr.

Benge wishes to include Dr. Barnett as a defendant, he must seek leave of Court to amend his complaint. That motion for leave must satisfy all applicable legal standards, including explaining why Dr. Barnett and the other defendants would not be prejudiced by adding her more than two years after the case was originally filed. *See Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (holding that a district court abused its discretion when granting an extension of time to effect service after a years-long delay); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (*pro se* litigants must follow the Federal Rules of Civil Procedure to the same extent as represented parties) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012).

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation (Doc. 82) and **dismissing** without prejudice Dr. Julia Barnett as a defendant and Plaintiff's claims against her.

Dated this 14th day of May, 2020.

Michael T. Liburdi
United States District Judge